# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA
# JOHNSTOWN DIVISION

| | |
|---|---|
| NATHAN HOYE, ) | Civil Action No. 3:25-cv-00244 |
| ) | |
| Plaintiff, ) | |
| ) | United States Magistrate Judge |
| vs. ) | Christopher B. Brown |
| ) | |
| DEPT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION ON
## MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS,[1]
## ECF NO. 5

**Christopher B. Brown, United States Magistrate Judge**

Plaintiff, Nathan Hoye, is a state prisoner in the custody of the Pennsylvania Department of Corrections. He is currently incarcerated at SCI-Somerset. Before the Court is Hoye's Motion for Leave to Proceed In Forma Pauperis ("IFP motion"). ECF No. 9. For the reasons below, the motion will be denied in accordance with 28 U.S.C. § 1915(g) and this action will be dismissed without prejudice to Hoye reopening it by paying the full statutory and administrative filing fees totaling $405.00.[2]

---

[1]   A motion to proceed in forma pauperis is a non-dispositive motion and appropriately decided by a federal magistrate judge. *See Prater v. Dep't of Corr.*, 76 F.4th 184, 195-98 (3d Cir. 2023) (concluding an IFP motion is a non-dispositive pretrial motion and, as such, magistrate judges maintain jurisdiction to decide a IFP motion).

[2]   The filing fee is $350.00 plus a $55.00 administrative fee, for a total of $405.00. *See* https://www.pawd.uscourts.gov/fee-schedule.

I. **Factual Background**

Hoye initiated this case on August 5, 2025, by filing a civil rights complaint without paying the filing fee or filing a motion for leave to proceed in forma pauperis ("IFP Motion). ECF No. 1. He submitted an IFP Motion on August 21, 2025, ECF No. 2, but because the IFP Motion was deficient, it was denied without prejudice and Hoye was instructed to either tender to the Clerk of Court the appropriate filing fee or submit a completed application to proceed in forma pauperis. ECF No. 3. On September 5, 2025, Hoye submitted the instant IFP motion, along with his prisoner trust fund account statement. ECF Nos. 4 and 5.

Hoye is a "frequent filer" of complaints. Since January of 2017, Hoye has filed approximately 50 civil rights cases, with approximately 11 of those cases containing the same or similar allegations:[3] he has a "live mouse" in his stomach, he needs surgery to remove the mouse, and the medical staff will not provide appropriate medical treatment. Hoye is "seek[ing] a court order for surgery[.]" ECF No. 1 at 4.

II. **The Prison Litigation Reform Act and the Three Strikes Rule**

The *in forma pauperis* statute, 28 U.S.C. § 1915, allows indigent litigants to bring an action in federal court without prepayment of filing fees, ensuring that such persons are not prevented "from pursuing meaningful litigation" because of

---

[3] *See* Civil Action Nos. 17-0162 (tape worms and parasites in stomach), 17-0219 (parasites, tapeworm, and mice in stomach), 18-0800 (mice and parasites in stomach), 18-1028 (mice in stomach, rectum, and feet), 18-1254 (tapeworm and mice in stomach), 18-1392 (mice in rectum), 19-0634 (mice in stomach, rectum, and both feet), 19-1308 (mouse in stomach), 19-1400 (mouse in stomach), 3:21-0026 (mouse in stomach); 3:24-cv-0265 (mouse in stomach) and 3:25-cv-0244 (mouse in stomach and rectum).

their indigence. *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir.) (en banc) (internal quotation marks omitted), *cert denied,* 533 U.S. 953 (2001). "[I]n response to the tide of 'substantively meritless prisoner claims that have swamped the federal courts,'" Congress enacted the Prison Litigation Reform Act ("PLRA") in 1996. *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (internal citation omitted), *abrogated in part on other grounds by Coleman v. Tollefson,* 575 U.S. 532 (2015).

Among other things, the PLRA implemented the so-called "three strikes rule," which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the PLRA, prisoners with three prior strikes can proceed in forma pauperis only if they are in imminent danger of serious physical injury. "[A] strike under § 1915(g) will accrue only if the entire action or appeal is (1) dismissed explicitly because it is 'frivolous,' 'malicious,' or 'fails to state a claim' or (2) dismissed pursuant to a statutory provision or rule that is limited solely to dismissals for such reasons, including (but not necessarily limited to) 28 U.S.C. §§ 1915A(b)(1), 1915(e)(2)(B)(i), 1915(e)(2)(B)(ii), or Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Byrd v. Shannon*, 715 F.3d 117, 126 (3d Cir. 2013). "A strike-call under Section § 1915(g) . . . hinges exclusively on the basis for the dismissal,

regardless of the decision's prejudicial effect." *Lomax v. Ortiz-Marquez*, 590 U.S. –, 140 S. Ct. 1721, 1724 (2020). "[M]ixed dismissals – where a district court dismisses a prisoner's federal claims on grounds enumerated in § 1915(g) and declines to exercise supplemental jurisdiction over the prisoner's state law claims" do not count as strikes. *Talley v. Wetzel*, 15 F.4th 275, 279 (3d Cir. 2021).

Prisoners with three strikes who cannot satisfy the imminent danger exception are not barred from filing additional federal actions, rather they are denied the privilege of proceeding in forma pauperis and must pay the requisite filing fee in full prior to commencing a new action. *Abdul-Akbar,* 239 F.3d at 314. Thus, when denying or revoking a prisoner's in forma pauperis status because of the accrual of three strikes, the Court must determine what strikes the prisoner accrued prior to initiating the action immediately before the Court. *Gibbs v. Ryan*, 160 F.3d 160, 162 (3d Cir. 1998). If determined to have three qualifying strikes to their name, then the Court must consider whether the prisoner qualifies for the "imminent danger" exception.

When deciding whether a prisoner meets the "imminent danger" exception, a Court must examine the situation faced by the prisoner at the time of the filing of the complaint, and a showing of danger in the past is insufficient to demonstrate "imminent danger." *Abdul–Akbar*, 239 F.3d at 312. Allegations of imminent danger must be evaluated in accordance with the liberal pleading standard applicable to pro se litigants, although the Court need not credit "fantastic or delusional" allegations that "rise to the level of the 'irrational or wholly incredible.'" *Gibbs v.*

*Cross*, 160 F.3d 962, 966–67 (3d Cir. 1998) (citation omitted), overruled on other grounds by *Abdul-Akbar v. McKelvie*, 239 F.3d 207 (3d Cir. 2001).

**III.     Hoye Has At Least Three Qualifying Strikes**

The Court takes judicial notice of the fact Hoye has at least three qualifying strikes within the meaning of 28 U.S.C. § 1915(g):

(1)  *Nathan Rowshawn Hoye v. Eli A. Zlokas*, No. 2:17-cv-0021 (W.D.Pa.) (case initiated on January 5, 2017; all claims in the complaint dismissed with prejudice on April 13, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A);

(2)  *Nathan Hoye v. SCI Greene Prison Medical Department, Dr. Ms. Pillia, Dr. Valley, Dr. Raj*, No. 2:17-cv-0162 (W.D.Pa.) (case initiated on February 3, 2017; all claims in the complaint dismissed with prejudice on April 13, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A);

(3)  *Nathan Hoye v. Mr. Eli Zlokas, Attorney at Law, and Dwayne Woodruff, Honorable Judge Allegheny County*, No. 2:17-cv-0270 (W.D.Pa.) (case initiated on March 1, 2017; all claims in the complaint dismissed with prejudice on April 12, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A); and

(4)  *Nathan Hoye v. SCI Camp Hill Prison, et al*, No. 2:17-cv-0452 (W.D.Pa.) (case initiated April 10, 2017; all claims in the complaint dismissed with prejudice

on May 8, 2017, for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A).

### IV. Hoye Does Not Satisfy The Imminent Danger Exception

Applying the above legal principles, and reviewing the allegations of the Complaint, the Court finds Hoye's allegations are insufficient to satisfy the imminent danger requirement of 28 U.S.C. § 1915(g). The Court of Appeals for the Third Circuit has instructed the Court may "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Ball,* 726 F.3d at 468 (citation omitted). "A court need not accept all allegations of injury" or "accept without question the truth of the plaintiff's allegations." *Brown v. City of Philadelphia*, 331 F. App'x 898, 900 (3d Cir.), *cert. denied*, 558 U.S. 999 (2009). "To the contrary, a court may discredit 'factual claims of imminent danger that are 'clearly baseless.'" *Id.* (quoting *Gibbs v. Cross*, 160 F.3d 962, 967 (3d Cir. 1998)).

Hoye's Complaint alleges the following:

> Mouse in stomach and rectum. DOC medical violated my 8th amendment constitutional right to have surgery to remove mouse out stomach/rectum.

ECF No. 1 at 4. The allegations in the instant Complaint at best can be described as fanciful, fantastic, and/or delusional.

### V. Conclusion

For these reasons, the Motion for Leave to Proceed in forma pauperis will be denied in accordance with 28 U.S.C. § 1915(g) and this action will be dismissed

6

without prejudice to Hoye reopening it by paying the full statutory and administrative filing fees, totaling $405.00.[4]  A separate Order follows.

DATED this 10th day of September, 2025.

BY THE COURT:

/s Christopher B. Brown
Christopher B. Brown
United States Magistrate Judge


cc:	NATHAN HOYE
	NX8604
	SCI SOMERSET
	1590 Walters Mill Road
	Somerset, PA 15510
	(via U.S. First Class Mail)

---

[4] Hoye is advised that if he pays the filing fee, the case will still be subject to statutory screening under § 1915A because he is a prisoner.  Thus, the Court may dismiss the complaint, or any portion of the complaint, if it is determined that the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted.  If his complaint is dismissed under § 1915A, Hoye will not be entitled to the return of his $405.00 filing fee.